IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LENARD COLLINS, A/K/A JAMES WILLIAMS,

Plaintiff,

vs.

ILLINOIS DEPARTMENT OF CORRECTIONS, VIENNA CORRECTIONAL CENTER HEALTHCARE DEPARTMENT, JOHN COX, and BRENDA SUITS,

Defendants.

Case No. 11-cv-0597-MJR

MEMORANDUM AND ORDER

REAGAN, District Judge:

**Introduction**

Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (e.g., deliberate indifference to serious medical condition). Although Plaintiff is no longer incarcerated, his § 1983 claims are based on events that occurred while he was a prisoner at Vienna Correctional Center (Doc. 1). On October 26, 2011, the undersigned Judge granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") in this case.

**Defendants**

**A. Defendant Illinois Department of Corrections ("IDOC")**

Plaintiff alleges in his complaint that the IDOC refused to honor a judge's order that Plaintiff be sent to a psychiatric unit (Doc. 1, p.4). Plaintiff does not provide

any further facts in his complaint as to his claim against the IDOC, but simply states in the "Request for Relief" portion that he "should have been moved to a psych unit or at least a dorm housing unit and going 6 months without seeing a psych doctor is simply ridiculous" (Doc. 1, p.6). The Court construes Plaintiff's request for relief against Defendant IDOC as a request for injunctive relief, that is, he should have been placed in a psychiatric unit.

Although Plaintiff was incarcerated at the time the events he complains of occurred, he has since been released from custody. Therefore, Plaintiff's request for injunctive relief is moot and the Court lacks jurisdiction over the matter. *See Walter v. Edgar*, 163 F3d 430, 432 (7th Cir. 1998).

In addition, to the extent that Plaintiff may also be seeking money damages against Defendant IDOC, such a suit is barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agency is not a "person" within the meaning of § 1983); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

Accordingly, Defendant IDOC will be dismissed from this action with prejudice.

**B. Defendant Vienna Correctional Center Healthcare Department**

Though Plaintiff names Defendant Vienna Correctional Center Healthcare Department ("Vienna Healthcare") in the caption of his complaint and lists this entity as a Defendant, he fails to make any allegations against Vienna Healthcare in the body of

the complaint. The Court is thus unable to ascertain what claims, if any, Plaintiff has against this Defendant.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendant Vienna Healthcare elsewhere in his complaint, he has not adequately stated claims against them, or put them on notice of any claims that Plaintiff may have against them. For this reason, Defendant Vienna Healthcare will be dismissed from this action without prejudice. However, the Court observes that the Eleventh Amendment considerations discussed relative to the IDOC are equally relevant to any claim that Plaintiff may plead against Vienna Healthcare.

## Disposition

The Court **CONCLUDES** that Plaintiff has failed to state a claim upon which relief may be granted against Defendants **IDOC** and **VIENNA HEALTHCARE**. The Court **DISMISSES** Defendant IDOC from this action with prejudice. Defendant Vienna Healthcare is **DISMISSED** without prejudice.

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendants John Cox and Brenda Suits: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, a copy of the Memorandum and Order at Doc. 10 and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall

be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay

fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED this 17 day of January, 2012

s/ MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge