IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENARD COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11–cv–0597–SCW |
| | ) |
| JOHN COX & BRENDA SUITS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**WILLIAMS, Magistrate Judge:**

This § 1983 civil rights case stems from *pro se* Plaintiff Lenard Collins' allegations that Defendants, both employees at Vienna Correctional Center in the Illinois Department of Corrections (IDOC), violated his Eighth Amendment rights via deliberate indifference to his serious medical condition. The case was transferred to this Judicial District from the Northern District of Illinois in June 2011, and underwent threshold review pursuant to 28 U.S.C. § 1915A in January 2012. On January 25, 2013, all parties having consented to magistrate judge jurisdiction, the case was fully referred to the undersigned in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

Now before the Court are three motions: Defendants' Motion to Compel Discovery (**Doc. 19**), their Motion for Sanctions (**Doc. 20**), and an oral Motion to Dismiss the Case Pursuant to Rule 41(b) made at a January 31, 2013, telephonic hearing on those motions (**Doc. 24**). For the following reasons, Defendants' Motion for Sanctions (**Doc. 20**) and Motion for Rule 41(b) Dismissal (**Doc. 24**) are **GRANTED**, and their Motion to Compel Discovery is **MOOT**.

### BACKGROUND

On December 11, 2012, Defendants served Plaintiff (at his last known address) with discovery requests. Because he never responded, Defendants moved that Plaintiff be compelled to

1

respond to those requests. According to Defendants' motion, Plaintiff also failed to appear for a January 10, 2013, scheduled deposition. Defendants further moved for sanctions, pursuant to Federal Rule of Civil Procedure 37 (or alternatively to compel Plaintiff to attend a deposition). (Doc. 20).

On January 31, 2013, the Court held a telephonic hearing on Defendants' motions. Notice of the telephonic hearing was sent to Plaintiff at his last known address. Plaintiff was warned thusly: "PLAINTIFF SHOULD TAKE NOTE that his attendance is mandatory. **Should he fail to appear, his case may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)**." (Doc. 21). Plaintiff did not appear at the January 31 hearing, telephonically or otherwise.

Defendants, while offering no further argument in support of the Motion to Compel or Motion for Sanctions, made an Oral Motion for Rule 41(b) Dismissal of the Case (now docketed at Doc. 24). Further, defense counsel indicated that at no point throughout the pendency of this case has Plaintiff ever responded to counsel's correspondence, or otherwise contacted Defendants or their counsel in any way.

## ANALYSIS

Under Rule 37(d), a properly noticed party who fails to appear at his own deposition is subject to the sanctions enumerated in Federal Rule 37(b)(2)(A). **FED. R. CIV. P. 37(d)(1)(A)(i).** In turn, Rule 37(b) authorizes dismissal of a case, which the Seventh Circuit has called a "feeble sanction" if it is without prejudice. ***Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v).** Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. ***Lucien*, 9 F.3d at 29. *Accord James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005)**

(under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").

Mr. Collins' failure to appear at his deposition puts the case in the crosshairs of Rule 37(d)(1)(A)(i), and his failure to appear at the January 31 motion hearing exposes him to sanctions under Rule 37(d). But Broadly, Collins' lack of interest in the case—he has apparently not hired an attorney since being released from Vienna CC, and has failed to ever contact Defendants in response to their discovery requests—give this Court discretion to dismiss his case for his failure to prosecute it. **FED. R. CIV. P. 41(b).** More specifically, Mr. Collins failed to appear for an easily-accessed toll-free telephonic hearing, even though he had been expressly warned by the Court that his inaction could lead to dismissal. *See Ball v. City of Chi.*, **2 F.3d 752, 760 (7th Cir. 1993) ("there must be an explicit warning before the case is dismissed" for failure to prosecute).** The Court alternatively finds that Plaintiff's failure to prosecute the case generally, and in particular his failure to appear at his deposition, warrant dismissal. *See Lucien*, **9 F.3d at 29 ("The criteria for sanctions under Rules . . . 37(b) . . . and 41(b) are the same.").** Defendants' Motion for Sanctions (**Doc. 20**) and Oral Motion for Rule 41(b) Dismissal (**Doc. 24**) are therefore **GRANTED**. This case is accordingly **DISMISSED WITH PREJUDICE** for both failure to appear at his deposition and failure to prosecute his case.

There being no further issues to litigate in this case, there is no live discovery controversy, and Defendants' Motion to Compel Discovery (**Doc. 19**) is **MOOT**.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Sanctions (**Doc. 20**) and Oral Motion for Rule 41(b) Dismissal (**Doc. 24**) are **GRANTED**. Defendants' Motion to Compel Discovery (**Doc. 19**) is **MOOT**.

Mr. Collins' case is **DISMISSED WITH PREJUDICE.** The Clerk of Court is **DIRECTED** to enter final judgment in favor of all Defendants and against Plaintiff Collins.

**IT IS SO ORDERED.**
**DATE: January 31, 2013**              /s/ *Stephen C. Williams*
                                        **STEPHEN C. WILLIAMS**
                                        United States Magistrate Judge